**In the Matter of Samuel J. SPURGEON, Debtor.**

**Bankruptcy No. BK92–81876.**

United States Bankruptcy Court. D. Nebraska.

Dec. 16, 1993.

Robert Metcalfe, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, DC, for the IRS.

Kathleen Laughlin, Omaha, NE, Chapter 13 Trustee.

## ORDER

TIMOTHY J. MAHONEY, Chief Judge.

This case has a history which should be loosely described in order to permit understanding of the ruling on this motion to dismiss.

The debtor is an individual who has failed to file income tax returns since at least 1984. The Internal Revenue Service (IRS) filed documents entitled "Substitute for Return for the Years 1984 through 1987 and 1989." On April 22, 1992, the United States Tax Court entered a decision which determined deficiencies in the income taxes due from the debtor for the taxable years of 1984 through 1987. In September, 1992, the IRS made assessments against the debtor for taxes and statutory additions for the tax years 1984 through 1987. The debtor failed to file a federal income tax return for the 1988 taxable year, and the IRS determined tax deficiencies and sent him a statutory notice of deficiency in December of 1990.

Shortly after the IRS made the assessments described above and began the administrative collection process, the debtor filed this Chapter 13 case on November 2, 1992. He proposed a plan which deals with his only two creditors, a medical facility and the IRS. However, the plan does not acknowledge or deal with the full amount of the debtor's tax obligations which, with penalty and interest, amounted to at least $31,000.00 on the petition date.

In addition to failing to file from 1984 through 1989, the debtor has acknowledged that he has not filed any other tax returns since 1989.

### I. Court Order of November 9, 1993

There already has been litigation in this case with regard to the claim of the IRS. The debtor did not challenge the amounts allegedly owed, but challenged the form which the IRS used as a proof of claim. He also challenged the claim on the basis that he had no obligation to file a tax return and that the IRS had no right to estimate his taxes. The Court overruled his objections to the claim of the IRS and on November 9, 1993, ordered him to file an amended plan to specifically deal with the total claim of the IRS.

The amended plan was to be filed by December 1, 1993, or the case would be dismissed.

Before the Court entered the order directing an amended plan by December 1, 1993, the IRS filed a motion to dismiss alleging that the case was filed in bad faith. A hearing was held on the motion to dismiss on December 10, 1993. On December 1, 1993, the date that an amended plan was to be filed, the debtor placed in the United States mail a "Motion for Enlargement of Time to File Tax Returns and Amended Chapter 13 Plan." Filing No. 67. That motion was received by the Clerk of the Bankruptcy Court on December 3, 1993.

The motion for enlargement of time suggests that the only reason the debtor needs more time is so that he can obtain from the IRS all information it has on his income to enable him to complete income tax returns. He requests a sixty-day extension and requests an order requiring the IRS to provide all information regarding the debtor's income for all years in question.

At the hearing on December 10, 1993, the debtor explained that he needed an extension of time so that he could file the income tax returns for the various years in question. He stated that he still did not understand the reasoning of the Court or the language of the Internal Revenue Code, and he did not agree that he was required to file tax returns, but was willing to do so now. He stated that if he filed the income tax returns, it would be apparent, even to the IRS, that he did not owe as much in income taxes as the IRS claimed. Since he would not owe as much as the IRS claimed, he would be able to propose a plan which would deal with the taxes that he believed were actually owed.

The Court finds no reason to extend the time for filing an amended plan. The debtor has been in the Bankruptcy Court since November of 1992. He did not file his 1992 tax return, nor has he filed any other tax returns since 1984. His request for an extension of time to obtain information from the IRS is simply another action on his part to delay collection efforts by the IRS. He wants this Court to aid him in the process of delay by

directing the IRS to send him whatever information it has about his past income.

The debtor is responsible for keeping appropriate books and records to be able to show the IRS what his income is for a particular taxable year. Mr. Spurgeon had sufficient information available to him when he filed his bankruptcy petition for him to be able to state on the schedules, which are signed under penalty of perjury, that he had a certain amount of income in 1990, 1991 and 1992. In order to make such a statement on the bankruptcy schedules, he must have had information available to him with regard to his own income.

Mr. Spurgeon is self employed doing odd jobs or custom work for which he admits he receives payment. He has deliberately chosen since 1984 to ignore the Internal Revenue Code and the Department of the Treasury regulation requirements for filing tax returns. He now wants the Court to put the burden upon the IRS to once again provide him with information about his income. This Court uses the terms "once again" deliberately. The IRS has already provided him with information about its estimate of his income in each year. The tax court has determined his tax liability up to 1987, and the remaining taxes due were set by the IRS's proof of claim. Taxes have been assessed for some years and notices of deficiencies have been sent to him on a regular basis. The tax determinations are final. He has not either administratively or otherwise appealed any of the tax determinations, except for filing bankruptcy. This Court, after litigation, has allowed the IRS claim. There is no need for him to file tax returns now for the years in which the IRS has already determined his taxes because his obligation has already been determined.

There is definitely no reason to file income tax returns in order to be able to propose a new plan. The tax claim of the IRS has already been allowed. He owes approximately $31,000.00 as of the petition date. He owes more than that if penalty and interest continue to accrue, and he may owe additional taxes for 1992.

The debtor was ordered on November 9, 1993, to file an amended plan by December 1, 1993. Instead, he waited until December 1, 1993, and then placed in the mail a request for an extension of time. He has no basis for requesting an extension, and this Court finds that his stated basis for such an extension is simply one more step in his plan to delay the collection of taxes.

Mr. Spurgeon admitted in the telephone hearing on December 10, 1993, that he is unable to propose a plan that will pay the IRS the amount of its claim.

The Court finds that the debtor has deliberately failed to obey the order of November 9, 1993, Filing No. 62, which required an amended plan to be filed by December 1, 1993. That order specifically stated that if an amended plan was not filed by that date, the case would be dismissed. The case is dismissed for failure to comply with the order of the Court.

The provisions of 11 U.S.C. § 109(g)(1) apply to this case. The debtor's failure to file an amended plan by December 1, 1993, was willful and with no basis in fact or law.

## II. *The IRS Motion to Dismiss*

■ An alternate basis for the dismissal is that the case was filed in bad faith. As recited above, the debtor failed to file income tax returns for the tax years 1984 through 1991, all of which were prepetition, and failed to file a tax return for the tax year 1992, a post-petition tax year. On his schedules and his plan, he failed to mention that he owed taxes for 1990 or 1991 and failed to inform the Court that he had deliberately refused to file income tax returns since 1984.

He filed this Chapter 13 case within two months after the IRS provided him with a notice and demand for payment of the 1984 through 1987 federal income taxes assessed against him on September 9, 1992.

He filed a Chapter 13 plan which did not acknowledge the full amount of the claim of the IRS.

He filed a frivolous challenge to the format of the proof of claim used by the IRS and challenged the validity of the claim, even though he had no factual or legal basis for such challenge.

The case was filed solely to prohibit the collection of taxes by the IRS. He has only one other creditor, a supplier of medical services. There has been no evidence provided at any hearing, including the hearing on the motion to dismiss, that pressure from the medical services creditor caused the filing of this case.

He admitted at the hearing that he has no ability to propose a plan to pay the claim of the IRS.

When considering all of the above-listed items, the Court finds that the case was not filed in good faith. See *In re LeMaire*, 898 F.2d 1346, 1348–49 (8th Cir.1990); *Education Assistance Corp. v. Zellner*, 827 F.2d 1222, 1227 (8th Cir.1987).

Therefore, for all of the above-listed reasons, this case is dismissed.

Separate journal entry shall be filed.